UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DEROSA,<br><br>                    Plaintiff,<br><br>        -against-<br><br>SAMSUNG ELECTRONICS AMERICA, INC. ET AL,<br>                    Defendants. | 25-CV-5099 (MKV) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court are several letter motions for discovery (ECF 39, 40, 44, 45, and 54) as well as a motion to seal Exhibit B to the motion at ECF 44 (ECF 43). As discussed at the conference held on June 24, 2026, and for the reasons stated on the record:

1.    Plaintiff's motion to quash a subpoena on Ciena (ECF 39) is DENIED.

2.    Defendants' motion to compel (ECF 40) in GRANTED IN PART, in that (a) Plaintiff is ordered to produce medical records going back to 2016, in light of the notation in more recent medical records about possible job-related stress prior to his most recent employment at Samsung; and (b) documents relating to Plaintiff's separation from Ciena. Defendant has withdrawn without prejudice the request for production of documents relating to Plaintiff's efforts, if any, to seek a new job while working at Samsung.

3.    Plaintiff's motion to compel production of materials relating to Defendants' internal investigation (ECF 44) is DENIED as premature, without prejudice to renewal after Defendants' production by June 26, 2026 of a privilege log and the

parties' efforts to resolve the question of waiver through the meet and confer process.

4.    Plaintiff's motion to compel (ECF 45) is GRANTED IN PART, in that Defendant shall be required to produce comparator evidence relating to Plaintiff's layoffs for the two other senior directors in the Networks Division's Verizon Group at the time of the RIF who reported to Ojert as well as for the two employees who took over Plaintiff's responsibilities after the RIF. The motion is DENIED IN PART as premature as to Plaintiff's request for discovery relating to his performance, without prejudice to renewal after Defendants run the requested search terms and confer with Plaintiff about the burden of the requested production; is further DENIED IN PART as premature to the extent Plaintiff seeks discovery concerning Defendants' internal investigation; and is otherwise DENIED.

5.    Defendants' motion to strike Plaintiff's deposition notice to Mr. Kim (ECF 54) is DENIED IN PART and GRANTED IN PART, in that Mr. Kim shall sit for a remote deposition for up to seven hours on the record; the deposition shall be scheduled to take place during the daytime in Korea.

The motion to seal Exhibit B to ECF 44, which contains material that Defendants contend is privileged and/or work product (ECF 43) is GRANTED. Exhibit B to ECF 44 shall remain sealed, while the main document at ECF 44 and Exhibit A thereto shall be unsealed. If the Court subsequently concludes that Defendants have waived any privileges attaching to Exhibit B to ECF 44, the Court will at that time reconsider whether Exhibit B to ECF 44 should remain sealed.

The Clerk of Court is respectfully requested to terminate ECF 39, 40, 43, 44, 45, and 54.

The Clerk of Court is further requested to unseal ECF 44 and 44-1 but not to unseal ECF 44-2,

which shall remain sealed.

DATED:  June 24, 2026                              SO ORDERED.
              New York, NY

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**